**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000142**
**28-MAR-2024**
**07:55 AM**
**Dkt. 50 SO**

NO. CAAP-19-0000142

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE APPOINTMENT OF AN ARBITRATOR
IN BLUE TILE BEACH HOUSE, LLC, Respondent-Appellee,
vs.
NAPUAWAILUPE LP, Petitioner-Appellant, DPR CASE NO. 18-0176-A

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 18-1-0035(2))

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Petitioner-Appellant Napuaowailupe LP (**Napua**) appeals from the Circuit Court of the Second Circuit's (**Circuit Court's**)[1] February 8, 2019 Order Denying [Napua's] Non-Hearing Motion for Reconsideration and to Alter or Amend Order Denying [Napua's] Petition to Strike Proposed Arbitrator David W. Scofield [(**Scofield**)] and Declare He Is Not a Neutral as Required by Hawaiʻi Law [(**Petition**)] (**Order Denying Reconsideration**). Napua also challenges the Circuit Court's December 6, 2018 Order Denying [the Petition] (**Order Denying Petition**).

---

[1]     The Honorable Peter T. Cahill presided.

Napua raises two related points of error on appeal, contending that the Circuit Court erred in: (1) failing to find that Scofield's failures to disclose constitute evidence partiality; and (2) requiring Napua to proceed with a full arbitration without resolving Napua's challenge to Scofield serving as an arbitrator.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Napua's points of error as follows:

Napua owns certain Property on Maui (**Property**). Respondent-Appellee Blue Tile Beach House, LLC (**Blue Tile**) is Napua's lessee with respect to the Property under a long-term lease (**Lease**) that includes an arbitration provision providing for a three-person arbitration panel in case of a dispute with each party appointing an arbitrator and the two party-appointed arbitrators appointing the third arbitrator.[2]

---

[2]     The Lease's arbitration provision states:

> **A. ARBITRATION.** If at any time during the term of this lease or after the termination thereof any dispute, difference or question shall arise between the parties hereto touching this lease or the construction, meaning, or effect of these presents or anything herein contained or the rights or liabilities of the parties under these presents or otherwise in relation to the premises, then every such dispute, difference or question shall at the request of either party be submitted to and determined by arbitrators appointed in the following manner:
> The Lessors and Lessee shall each promptly name one such arbitrator and give written notice thereof to the other party, and in case either party shall fail so to do within ten (10) days after appointment of the first arbitrator, arbitrator already appointed shall name a second one, and the two thus appointed in either manner shall appoint a third arbitrator, and in case of their failure so to do within then (10) days after appointment of the second arbitrator, either party hereto may have such third

(continued...)

A dispute arose between the parties and Blue Tile demanded arbitration. Scofield was appointed by Blue Tile. Napua appointed Kale Feldman, and Scofield and Feldman named Douglas Codiga as the third arbitrator. Scofield filed disclosures identifying certain relationships with Blue Tile's attorney. Napua objected to Scofield serving as an arbitrator. After submitting the issue of Scofield's appointment to Dispute Prevention and Resolution, Inc. (**DPR**), DPR stated that it had no authority to strike Scofield as arbitrator. The three arbitrators agreed that the issue should be resolved before the arbitration proceeded, but concluded that they did not have the authority to rule on whether Scofield could serve as an arbitrator.

Napua filed the Petition and requested, *inter alia*, that Scofield be stricken as an arbitrator due to his failure to adequately disclose his relationship with Blue Tile's attorney.

When the Petition came on for hearing before the Circuit Court, the court initially questioned its authority to act before a final arbitration award was entered. Napua's attorney pointed to Hawaii Revised Statutes (**HRS**) § 658A-8(a) (2016). Napua's attorney represented to the court, "although we

---

[2](...continued)
arbitrator appointed by any judge of the Circuit Court of the State of Hawaii, and the three so appointed shall thereupon proceed to determine the matter in question, and the decision of said arbitrators or a majority of them shall be final, conclusive and binding upon both parties. Each party shall pay the expenses of their own arbitrator and attorney and shall share equally the fee and expenses of the third arbitrator. Judgment may be entered thereon as provided in Chapter 658, Hawaii Revised Statutes, as the same now is or may from time to time be amended. Pending such arbitration, full performance of all covenants other than the one in dispute shall be required.

may suspect actual biased [sic], we've proceeded under the second method, which is a failure to disclose. And so this is a case having to do with a failure to disclose."

The court then asked Napua's counsel whether there should be an evidentiary hearing on the matter, and Napua's counsel declined, stating that "there's no need for an evidentiary hearing to establish further facts" and Scofield would be further prejudiced against Napua if an evidentiary hearing were held.

Ultimately, the Circuit Court concluded that pursuant to HRS § 658A-8(b)(2), the court could provide a provisional remedy only if the matter is urgent and the arbitrator is not able to act timely or the arbitrator could not provide an adequate remedy. The Circuit Court concluded that it had the authority to grant relief, but that it did not find a factual basis for doing so.

Although Napua attached to the Petition a copy of Scofield's disclosures and [Napua's] **Objection** to Selection of Scofield as Arbitrator, both of which had been submitted to DPR, no declaration or other evidence supporting the removal of Scofield was presented to the Circuit Court other than a declaration of counsel. We conclude that the Circuit Court did not err in concluding that there was no factual basis to grant the Petition. Therefore, we need not reach Napua's further arguments concerning the Order Denying Petition.[3]

---

[3]     Napua makes no argument in support of its challenge to the Order Denying Reconsideration.

4

The Circuit Court's December 6, 2018 Order Denying Petition and February 8, 2019 Order Denying Reconsideration are affirmed.

DATED: Honolulu, Hawaiʻi, March 28, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Deborah K. Wright,<br>Keith D. Kirschbraun,<br>Douglas R. Wright,<br>(Wright & Kirschbraun),<br>for Petitioner-Appellant. | /s/ Karen T. Nakasone<br>Associate Judge |
| | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Paul Howard Peters,<br>for Respondent-Appellee. | |